UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00014-RJC

| | |
|---|---|
| DAVID GILLESPIE,           )<br>                            )<br>     Plaintiff,            )<br>                            )<br>         v.                 )<br>                            )<br> COMMISSIONER OF SOCIAL SECURITY, )<br>                            )<br>     Defendant.            )<br>                            )<br>                            ) | **ORDER OF REMAND** |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Summary Judgment," (DE 13); Defendant's "Motion for Summary Judgment," (DE 15); Plaintiff's "Consent Motion for Extension of Time to File Reply," (DE 17); as well as the parties' briefs and exhibits.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will **GRANT** Plaintiff's Consent Motion for Extension of Time to File Reply; **GRANT** Plaintiff's Motion for Summary Judgment; **DENY** Defendant's Motion for Summary Judgment; **REVERSE** the Commissioner's decision; and **REMAND** this matter for further proceedings consistent with this Order.

## I.      BACKGROUND

**A.     Procedural Background**

David John Gillespie ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("SSA") and supplemental security income under Title XVI of the SSA on September 9, 2015, alleging a

disability onset date of September 1, 2013.  (DEs 12 to 12-10: Administrative Record ("Tr.") at 25).  Plaintiff later amended this disability onset date to October 13, 2015.  (Tr. 246, 48–49).  His applications were denied first on January 20, 2016, (Tr. 153), and upon reconsideration on August 4, 2016 (Tr. 160, 164).  Plaintiff filed a timely request for a hearing on September 30, 2016, (Tr. 172), and an administrative hearing was held by an administrative law judge ("ALJ") on June 26, 2018.  (Tr. 42).

Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA.  (Tr. 25–35).  Plaintiff requested a review of the ALJ's decision, but the Appeals Council denied Plaintiff's request for a review.  (Tr. 1).  After having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

**B.     Factual Background**

In the November 13, 2018 decision, the Administrative Law Judge ("ALJ") determined that Plaintiff had not engaged in substantial gainful employment since the October 13, 2015 amended onset date and found that Plaintiff suffered the following severe impairments: seizures, depression, generalized anxiety disorder, and obesity.  The ALJ found these major impairments significantly limited the ability of Plaintiff to perform basic work activities.  The ALJ also found that Plaintiff suffered from hypertension, chronic liver disease, and diabetes, but that these impairments only minimally limit basic work activities.  (Tr. 27–28).

The ALJ then determined that Plaintiff lacked an impairment or combination of impairments to meet a listing, finding that Plaintiff had a mild limitation in understanding, remembering, or applying information; had a moderate limitation in interacting with others; had a moderate limitation in concentrating, persisting, or maintaining pace; and had no limitation in managing oneself.  (Tr. 28–29).

The ALJ then determined that Plaintiff had a residual functional capacity ("RFC") to perform light work. In particular, the ALJ noted:

> Claimant has the residual functional capacity to perform light work . . . except the claimant is limited to simple routine repetitive tasks that can be completed in 2 hour segments at a non-production pace in a stable work setting with no public interaction, occasional supervisor and coworker interaction but no teamwork for task completion. The claimant cannot climb ladders, ropes or scaffolds and can have no exposure to hazards.

(Tr. 29). In making this determination, the ALJ determined that Plaintiff's testimony regarding the "intensity, persistence and limiting effects" of his impairments was inconsistent with medical and record evidence. Plaintiff's testimony was summarized by the ALJ as follows.

> During the hearing, the claimant testified that he cannot work because he is agoraphobic and does not leave the house. He [h]as difficulty concentrating and memory problems despite medication. He can retain a little of what he reads. He can follow a Yankees game. Depakote is currently controlling his seizures. He has not had any seizures since the one in 2015 and one in 2016. He only has grand mal seizures. Seizures without warning. The claimant further testified that he had depression and anxiety. He has panic attacks. He has a driver's license but does not drive because it makes him uncomfortable because of seizures. During a typical day, he browses the internet for half an hour, spends time with his mother and spends most of the day alone in his room.

(Tr. 30). The ALJ then went on to describe in detail medical and record evidence used in the RFC determination. At no time did the ALJ describe any inconsistencies between the record evidence and Plaintiff's testimony in his RFC analysis.

After the RFC analysis, the ALJ determined that Plaintiff could not perform any past relevant work as a production manager or secretary, but did find, based on a vocational expert, that Plaintiff could work as a laundry folder, inspector packager, or non-postal mail clerk, (Tr. 34–35), and thus found the Plaintiff was not disabled.

## II. STANDARD OF REVIEW

3

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so

4

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Plaintiff raises two challenges to the ALJ's decision that Plaintiff was not disabled[1]: (1) the ALJ's RFC is not supported by substantial evidence because the ALJ cherry picked evidence and (2) the ALJ improperly weighed the Plaintiff's subjective testimony by failing to describe how it was inconsistent with record evidence. This court grants reversal and remand based on Plaintiff's second challenge.

Plaintiff argues that the ALJ did not build an accurate and logical bridge from the evidence to his finding that Plaintiff's testimony was inconsistent with other evidence and that it should be discounted. (DE 14 at 20).

An ALJ must "build an accurate and logical bridge from the evidence to his conclusion" that a witness's testimony is not credible. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "[A]n ALJ's RFC 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Beasley v. Berryhill*, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *5 (W.D.N.C. Mar. 25, 2019) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). "Remand may be appropriate where 'inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mabe v. Saul*, No. 1:19-CV-00246-RJC, 2020 WL 4505462, at *5 (W.D.N.C. Aug. 5,

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

2020) (quoting *Mascio*, 780 F.3d at 636). "The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Brooks v. Colvin*, 200 F. Supp. 3d 618, 621 (W.D.N.C. 2016).

Here, the ALJ found that Plaintiff had the RFC to perform light work that is limited to simple routine repetitive tasks that can be completed during two-hour segments at a non-production pace. (Tr. 29). The ALJ based this decision partially on the finding that Plaintiff's testimony "concerning the intensity, persistence and limiting effects of these symptoms [was] not entirely consistent with medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 30). However, the ALJ never details what portions of Plaintiff's testimony were inconsistent with other evidence. Instead, the opinion lays out the relevant medical testimony, details how much weight is given to each piece of evidence, and then confirms the ALJ's conclusion regarding the appropriate RFC. While the Court may be able to infer some inconsistencies based on the medical record, it would require the Court to guess as to what the ALJ meant. "This 'guessing' is what *Mascio* prohibits because it frustrates this Court's opportunity to conduct a 'meaningful review.'" *Curry v. Berryhill*, No. 1:17-CV-00317-RJC, 2019 WL 1331749, at \*5 (W.D.N.C. Mar. 25, 2019) (quoting *Mascio*, 780 F.3d at 636).

In response, Defendant argues the ALJ properly weighed the Plaintiff's testimony because there are multiple pieces of evidence in the record that contradict Plaintiff's testimony. (DE 16 at 12–13). However, it is telling that not once does Defendant cite the ALJ's opinion to show that the ALJ referenced the conflicting testimony. Nor does Defendant argue that the ALJ created a logical bridge from the evidence that is listed in the memorandum to his conclusion. Instead, Defendant, for the first time, walks through different pieces of evidence to show how Plaintiff's

testimony is inconsistent—something the ALJ failed to do. This is the exact guesswork this Court is not allowed to conduct, and reversal and remand are required for the ALJ to fill in this gap.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 13), is **GRANTED**.

2. Plaintiff's Consent Motion for Extension of Time to File Reply, (DE 17), is **GRANTED**.

3. Defendant's Motion for Summary Judgment, (DE 15), is **DENIED**.

4. The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). [2]

**SO ORDERED**

Signed: November 10, 2021

Robert J. Conrad, Jr.
United States District Judge

---

[2] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).