UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00014-RJC

| DAVID GILLESPIE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Corrected Motion for Attorney Fees Under Section 406(b) of the Social Security Act. (Doc. No. 30). Plaintiff's counsel petitions this Court for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $35,771.11. (Doc. No. 30). This Court previously awarded Plaintiff $8,250.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 25). That fee has already been refunded to Plaintiff. (Doc. No. 31 at 2). This Court also previously awarded Plaintiff's counsel $12,246.89 in attorney's fees under section 406(b) based upon a notice of award that has since been updated. (Doc. Nos. 29, 31). In response to Plaintiff's Motion, the Commissioner neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 32 at 1).

Section 406(b) provides that "whenever a court renders a judgment favorable to a claimant[,] . . . the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. §

1

406(b)(1)(A). Such a fee should not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. *Id.* The fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Further, while attorney's fees may be awarded under both the EAJA and section 406(b), the Social Security Act requires that the attorney refund to the claimant the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Atwood v. Berryhill*, No. 5:16-CV-00215-MR, 2019 WL 1558699, at *1 (W.D.N.C. Apr. 10, 2019).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court;" instead, the Court must determine whether the agreed upon fee is reasonable. *Gisbrecht*, 535 U.S. at 807, 809. The Fourth Circuit deemed the following factors relevant to a district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

Here, Plaintiff entered into an agreement with counsel that allowed for a fee of no more than 25% of the past-due benefits awarded to Plaintiff and his family in the event the case was won. (Doc. No. 31-2). Plaintiff's counsel secured an award for Plaintiff in the amount of $192,072.00 in past-due benefits. (Doc. No. 31-1 at 3). The total award requested does not exceed 25% of past-due benefits awarded to Plaintiff. Considering the factors above, the Court concludes that the attorney's fees sought by counsel are reasonable.

2

**IT IS, THEREFORE, ORDERED** that that Plaintiff's Corrected Motion for Attorney's Fees, (Doc. No. 30), is **GRANTED**. Plaintiff's counsel is awarded the sum of $35,771.11. This amount shall be paid out of Plaintiff's past-due benefits in accordance with agency policy and sent to Plaintiff's counsel.

**IT IS SO ORDERED.**

Signed: August 14, 2024

Robert J. Conrad, Jr.
United States District Judge